UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DIMAIO, | CASE NO. C17-0128JLR |
| Plaintiff, | ORDER |
| v. | |
| COUNTY OF SNOHOMISH, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are Plaintiff Richard DiMaio's motion to extend the time to

respond to Defendants County of Snohomish ("the County") and Sheriff Ty Trenary's

motion to dismiss (MTE (Dkt. # 12)) and motion to appoint counsel (MTA (Dkt. # 13)).

The court has considered Mr. DiMaio's motions, the relevant portions of the record, and

//

//

//

the applicable law. Being fully advised,[1] the court grants Mr. DiMaio's motion to extend

and denies Mr. DiMaio's motion to appoint counsel for the reasons set forth below.

## II.    BACKGROUND

Mr. DiMaio, who is proceeding *pro se* and *in forma pauperis*, filed this lawsuit on

January 30, 2017. (IFP Mot. (Dkt. # 1); IFP Order (Dkt. # 2).) The suit arises from Mr.

DiMaio's termination from the Snohomish County Sheriff's Office on February 3, 2015.

(Compl. (Dkt. # 3) ¶ 13.) Mr. DiMaio asserts claims under 42 U.S.C. § 1983 for (1)

deprivation of "presumptively continuing government employment without furnishing to

[Mr.] DiMaio a meaningful post-termination opportunity to bring to a neutral fact finder

testimonial evidence of his innocence and the falsity of accusations against him" (*id.* at

3), (2) violation of his "First Amendment right to access legal counsel and the legal

process to redress matters of public concern involving unconstitutional action" (*id.* ¶ 23),

and (3) violation of his Fourteenth Amendment right to equal protection of the law (*id.*

¶ 24). Mr. DiMaio also appears to assert a claim against the County under *Monell v.*

*Department of Social Services of City of New York*, 436 U.S. 658 (1978), for the alleged

constitutional violations. (*Id.* ¶ 22.) As a result of Defendants' actions, Mr. DiMaio

alleges that he has "experienced financial loss, job and career loss, [and] emotional pain,

fear, and anxiety." (*Id.* ¶ 25.)

//

---

[1] Mr. DiMaio did not request oral argument on either of his motions, and the court determines that oral argument would not aid the court's disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

On April 6, 2017, Defendants filed a motion to dismiss Mr. DiMaio's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) or for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*See* MTD (Dkt. # 8).) Defendants properly noted their motion to dismiss for May 5, 2017. (*See id.*); Local Rules W.D. Wash. LCR 7(d)(3) (stating that motions to dismiss "shall be noted for consideration on a date no earlier than the fourth Friday after filing and service of the motion"). On May 1, 2017, the day that Mr. DiMaio's response to the motion to dismiss was due, *see* Local Rules W.D. Wash. LCR 7(d)(3), Mr. DiMaio instead filed a motion to extend the time for him to respond and a motion to appoint counsel (*see* MTE; MTA). The court now considers those motions.

### III. ANALYSIS

**A. Motion to Extend Time**

Mr. DiMaio requests that the court extend his time to respond to Defendants' motion to dismiss because he requests court-appointed counsel "[d]ue to the complexity of the case" and will need "more time . . . to con[sult] counsel ([i]f granted) to receive legal guidance to the motion(s) filed by the defense." (MTE at 1.) Although the court denies Mr. DiMaio's motion to appoint counsel, *see infra* § III.B, the court nevertheless grants Mr. DiMaio's request for an extension of time to respond to Defendants' motion. In light of Mr. DiMaio's *pro se* status and the lack of apparent prejudice to Defendants from a minor extension, the court will allow Mr. DiMaio until May 22, 2017, to respond to the motion to dismiss. The court cautions Mr. DiMaio that even though he is proceeding *pro se*, he is responsible for complying with all applicable rules. *See King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012); Local Rules W.D. Wash. LCR 7(j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."). The court further cautions Mr. DiMaio that it will not grant an additional extension of time to respond to the motion absent extraordinary circumstances.

**B.      Motion to Appoint Counsel**

Mr. DiMaio also requests that the court appoint counsel to assist him with his case. (MTA at 1.) This District has implemented a plan for court-appointed representation of civil rights litigants. The plan requires the court to assess a plaintiff's case before forwarding it to the Pro Bono Screening Committee for further review and possible appointment of pro bono counsel. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). In its initial assessment, the court evaluates the case to determine that it is not frivolous and that the plaintiff is financially eligible. *Id.* Although the court has "discretion to designate counsel to represent an indigent civil litigant," *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1), the court may only do so in "exceptional circumstances," *Wilborn*, 789 F.2d at 1331; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The court may find exceptional

circumstances after evaluating "the likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. The court must analyze both of these factors together before deciding whether to appoint counsel under Section 1915(e)(1). *See id.* The plaintiff seeking counsel bears the burden of demonstrating exceptional circumstances. *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

The court concludes that Mr. DiMaio's submissions do not support referring Mr. DiMaio's case to the Pro Bono Screening Committee for further review or a finding of exceptional circumstances that warrant appointing counsel. Mr. DiMaio makes no argument as to the likelihood of success on the merits of his claims (*see* MTA), and after conducting an independent review, the court cannot say that Mr. DiMaio is likely to succeed on the merits of his claim (*see* Compl.); *Wilborn*, 789 F.2d at 1331; General Order, August 1, 2010, Section 3(c).[2] Because Mr. DiMaio "provides no evidence of his likelihood of success at trial[, he] fails to satisfy the first factor of the test." *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016).

In addition, despite Mr. DiMaio's characterization of this case as "complex[]" (MTE at 1), the court finds that any difficulty Mr. DiMaio will experience in litigating his case does not stem "from the complexity of the issues involved," *Wilborn*, 789 F.2d at

---

[2] The court expresses no opinion regarding Defendants' motion to dismiss. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (stating that district courts may not dismiss a *pro se* plaintiff's complaint prior to ruling on his motion for appointment of counsel).

1331. That Mr. DiMaio might find "it difficult to articulate his claims *pro se*" is insufficient to demonstrate that his case involves complex legal issues. *Wilborn*, 789 F.2d at 1331; *see also Garcia v. C.D.C.R.*, No. 12cv1084 IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013) (noting that exceptional circumstances are not shown even though there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel"). Indeed, the constitutional claims that Mr. DiMaio alleges are relatively straightforward. (*See* Compl. ¶¶ 22-25; *see also id.* at 3.) Accordingly, Mr. DiMaio fails to meet his burden of establishing exceptional circumstances that warrant the appointment of counsel.[3] *See Wilborn*, 789 F.2d at 1331; *Brogdon*, 2013 WL 3155116, at *1.

## IV.    CONCLUSION

For the reasons set forth above, the court GRANTS Mr. DiMaio's motion to extend the time to respond to Defendants' motion to dismiss (Dkt. # 12) and DENIES Mr. DiMaio's motion to appoint counsel (Dkt. # 13). Mr. DiMaio must file his response to Defendants' motion to dismiss no later than Monday, May 22, 2017. Defendants must file their reply, if any, no later than Friday, May 26, 2017. Accordingly, the court DIRECTS the Clerk to renote Defendants' motion to dismiss (Dkt. # 8) for May 26, 2017. The parties' filings must otherwise conform to the Local Civil Rules for the Western District of Washington, which can be found on the Western District of

---

[3] Mr. DiMaio may access materials to assist *pro se* litigants on the Western District of Washington's website. *See Representing Yourself ("Pro Se")*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/representing-yourself-pro-se; *E-Pro Se*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/pro-se/e-pro-se.

Washington's website. *Local Civil Rules for the Western District of Washington*, W.

DIST. OF WASH., http://www.wawd.uscourts.gov/sites/wawd/files/WAWDAllLocal

CivilRules-2017.pdf.

      Dated this 9th day of May, 2017.

JAMES L. ROBART
United States District Judge