UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DIMAIO,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF SNOHOMISH,<br>DEPARTMENT OF THE SHERIFF,<br>et al.,<br><br>                    Defendants. | CASE NO. 17-0128JLR<br><br>ORDER ON MOTION TO<br>DISMISS AND MOTION FOR A<br>MORE DEFINITE STATEMENT |

## I.      INTRODUCTION

Before the court is Defendants County of Snohomish, Department of the Sheriff

("Snohomish County Sheriff's Office" or "Sheriff's Office") and Snohomish County

Sheriff Ty Trenary's (collectively, "Defendants") motion to dismiss *pro se* Plaintiff

Richard DiMaio's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and

12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil

//

Procedure 12(e).  (MTD (Dkt. # 8).)  The court has considered the parties' submissions,[1] the relevant portions of the record, and the applicable law.  Being fully advised,[2] the court grants in part and denies in part Defendants' motion.  Specifically, the court (1) denies Defendants' motion to dismiss pursuant to Rule 12(b)(5), but quashes Mr. DiMaio's prior attempt at service and grants Mr. DiMaio an additional 30 days from the date of this order to properly serve Defendants; (2) grants Defendants' motion to dismiss pursuant to Rule 12(b)(6) and dismisses Mr. DiMaio's complaint without prejudice and with leave to amend within 30 days; and (3) denies as moot Defendants' motion for a more definite statement.

//

---

[1] Without leave of the court, Mr. DiMaio filed his response to the motion to dismiss after the deadline set forth in the court's order granting Mr. DiMaio additional time to respond.  (*Compare* 5/9/2017 Order (Dkt. # 14) (setting May 22, 2017, as the deadline), *with* Resp. (Dkt. # 16) (filed May 25, 2017).)  Although Defendants contend that the court should disregard the response (*see* Reply (Dkt. # 17) at 1 n.1), the court discerns no prejudice to Defendants from considering the late-filed response because Defendants had an opportunity to reply, (*see generally id.*)  Accordingly, the court considers Mr. DiMaio's response in spite of his late filing.  The court cautions Mr. DiMaio, however, that even though he is proceeding *pro se*, he is responsible for complying with all court orders and applicable rules.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012).

On June 12, 2017, Mr. DiMaio submitted an additional filing without leave of the court, titled "Response to the defendants Motion to Dismiss and a more definite statement."  (2d Resp. (Dkt. # 19).)  This filing is best construed as a surreply.  Local Civil Rule 7(g)(1) limits the content of a surreply to a request to strike.  *See* Local Rules W.D. Wash. LCR 7(g)(1).  Mr. DiMaio's filing does not contain a request to strike but instead makes additional substantive arguments and submits what appears to be a copy of a complaint filed in state court and a declaration from Jairus Perryman, a process server.  (*See generally* 2d Resp.)  Mr. DiMaio did not seek leave of the court to make additional arguments or submit additional evidence.  Thus, the court strikes the filing and does not consider it in ruling on the present motion.

[2] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II.    BACKGROUND

On January 30, 2017, Mr. DiMaio commenced this litigation by filing a motion for leave to proceed *in forma pauperis* ("IFP").  (IFP Mot. (Dkt. # 1).)  The court granted Mr. DiMaio's motion on February 7, 2017 (IFP Order (Dkt. # 2)), and docketed his complaint that day (*see* Compl. (Dkt. # 3)).

This lawsuit stems from Mr. DiMaio's termination from the Snohomish County Sheriff's Office.  (*Id.* ¶ 13.)  Mr. DiMaio asserts that he was hired as a sheriff's deputy by the Snohomish County Sheriff's Office in 2003.  (*Id.* ¶ 5.)  Mr. DiMaio alleges that his former girlfriend falsely accused him of wrongdoing, a "Snohomish Internal Affairs Investigator" credited the false accusations as true, and "a pre-disciplinary investigator" recommended that Mr. DiMaio be terminated.  (*Id.* ¶¶ 7-8, 10-11.)  Mr. DiMaio contends that, based on these events, on February 3, 2015, Snohomish County Sheriff Ty Trenary terminated Mr. DiMaio's employment without cause.  (*Id.* ¶ 13.)  Mr. DiMaio claims that as a result he has "experienced financial loss, job and career loss, [and] emotional pain, fear, and anxiety."  (*Id.* ¶ 25.)

On March 20, 2017, Mr. Perryman personally delivered a copy of the summons in this case, along with a binder of exhibits, to Ashley James, a Law Enforcement Technician at the Snohomish County Sheriff's Office.  (James Decl. (Dkt. # 9) ¶ 2.)  Mr. Perryman did not deliver a copy of the complaint.  (*Id.* ¶ 4.)  Ms. James was working at the front desk of the Sheriff's Office when Mr. Perryman handed her the summons and the binder of exhibits.  (*Id.* ¶ 2.)

//

On April 6, 2017, Defendants moved to dismiss Mr. DiMaio's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*See* MTD.) That motion is now before the court.

## III. ANALYSIS

### A. Motion to Dismiss for Insufficient Service of Process

Defendants contend that service of process was insufficient in two respects: (1) Mr. DiMaio served only a copy of the summons and did not include a copy of the complaint as Federal Rule of Civil Procedure 4(c)(1) requires, and (2) Mr. DiMaio did not serve the person required under Rule 4(j)(2) to effectuate service on a local government entity. (MTD at 4.) The court concludes that Mr. DiMaio has not effectuated proper service under Rule 4. As more fully explained below, the court exercises its discretion to quash Mr. DiMaio's attempt at service of process and extend the time for Mr. DiMaio to effectuate proper service.

#### 1. Legal Standard

Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir.

1987)).  "Once service is challenged, [a] plaintiff[] bear[s] the burden of establishing that

service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

A plaintiff meets his prima facie burden to show that service was proper by producing the

process server's affidavit of service.  *Wells Fargo Bank NA v. Kuhn*,

No. CV137913GAFFFMX, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014).

"Unless some defect in service is shown on the face of the return, a motion to dismiss

under Rule 12(b)(5) requires [the] defendant to produce affidavits, discovery materials, or

other admissible evidence establishing the lack of proper service." *Id.* (internal quotation

omitted).  The burden then shifts back to the plaintiff "to produce evidence showing that

the service was proper, or creating an issue of fact requiring an evidentiary hearing to

resolve." *Id.* (internal quotation omitted).

 In some instances, Rule 4 may be liberally construed "so long as a party receives

sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha

Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  The Ninth Circuit has held that failure to

strictly comply with service requirements does not warrant dismissal if:  "(a) the party

that had to be served personally received actual notice, (b) the defendant would suffer no

prejudice from the defect in service, (c) there is a justifiable excuse for the failure to

serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were

dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) (internal quotation

omitted); *see S.J. ex rel. S.H.J. v. Issaquah Sch. Dist.*, No. C04-1926RSL, 2007 WL

764916, at *2 (W.D. Wash. Mar. 8, 2007) (applying *Borzeka*'s four-part test and

concluding that the plaintiffs substantially complied with the requirement of Rule 4(j) by

serving the administrative assistant to the superintendent, notwithstanding that such service did not strictly comply with the rule). A plaintiff's *pro se* status alone does not provide a justifiable excuse for defective service. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

### 2. Rule 4(c)(1)

Rule 4(c)(1) requires that "[a] summons . . . must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Mr. Perryman's proof of service does not state that he served a copy of the complaint. (Proof of Serv. (Dkt. # 5).) Ms. James states in her declaration that "[t]here was no copy of a Complaint included in the documents the man delivered." (James Decl. ¶ 4.) Although Mr. DiMaio argues in response that Mr. Perryman "served the Summons along with the complaint in its entirety," Mr. DiMaio does not support his assertion with an affidavit or declaration from Mr. Perryman or any other witness.[3] (Resp. at 2; *see* Dkt.) Mr. DiMaio's own assertions in his responsive brief, not made under penalty of perjury, do not satisfy the requirements of 28 U.S.C. § 1746 for unsworn declarations and affidavits.[4] *See* 28

---

[3] Although Mr. DiMaio's improper surreply contains what appears to be a declaration from Mr. Perryman, in which Mr. Perryman makes statements that imply he served the complaint along with the summons, Mr. DiMaio did not timely submit the declaration with his responsive pleading. As discussed above, *see supra* at n.1, the court strikes Mr. DiMaio's surreply because he did not seek leave of the court to submit additional evidence.

[4] Title 28 U.S.C. § 1746 permits a witness to submit an "unsworn declaration, certificate, verification, or statement" instead of an affidavit, so long as it is subscribed by its maker as "true under penalty of perjury," in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

U.S.C. § 1746. Mr. DiMaio has not met his burden of producing "evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." *Kuhn*, 2014 WL 12560870, at *2.

### 3. Rule 4(j)(2)

Defendants also contend that Mr. DiMaio did not serve the persons prescribed under the Civil Rules to effectuate service on a local government entity. (MTD at 4-5.) Mr. DiMaio names as defendants the Snohomish County Sheriff's Office and Snohomish County Sheriff Ty Trenary in his official capacity. (*See* Compl. ¶¶ 2-3.) First, the Snohomish County Sheriff's Office—a county department—is not a legal entity subject to suit. *McCamey v. Snohomish Cty. Sheriff's Office*, No. C17-0063JCC-BAT, 2017 WL 1504234, at *2 (W.D. Wash. Mar. 29, 2017), *report and recommendation adopted*, 2017 WL 1496437 (W.D. Wash. Apr. 25, 2017). A plaintiff "must name the city or county itself as a party to the action, not the particular municipal department or facility where the alleged violation occurred." *Id.*; *see also Mays v. Pierce Cty.*, No. C14-5291RBL, 2015 WL 5102600, at *3 (W.D. Wash. Aug. 28, 2015) ("The capacity to be sued is limited to the county itself."). Second, when a plaintiff brings a lawsuit against a government officer in his official capacity, a court treats the suit as a suit against the entity that employs the officer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Updike v. Clackamas Cty.*, No. 3:15-CV-00723-SI, 2015 WL 7722410, at *2-4 (D. Or. Nov. 30, 2015) (dismissing plaintiff's claims against County

Sheriff in his official capacity as redundant with his claims against the County). For the purposes of resolving this motion, the court construes the action against the Snohomish County Sheriff's Office and the Snohomish County Sheriff in his official capacity as an action against Snohomish County. Mr. DiMaio did not, however, properly serve the County.

Rule 4(j)(2) requires that service on a local government entity like Snohomish County be made by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In the case of a charter county, like Snohomish County, Washington law requires the plaintiff to serve the complaint and summons "upon the agent, if any, designated by the legislative authority." RCW 4.28.080(1). The Snohomish County Code designates the County Auditor as the proper recipient of service. SNOHOMISH COUNTY, WA., CODE § 2.90.050(1) (2017). The Auditor's Office "did not receive any legal documents on behalf of Snohomish County in the lawsuit filed by Mr. DiMaio." (Smith Decl. (Dkt. # 10) ¶ 5.)

Mr. DiMaio does not offer contrary evidence. Instead, he contends that he called "the county civil unit and spoke with a call taker" who "advised that the summons could be served on the clerk at the front desk." (Resp. at 2.) Mr. DiMaio again makes this assertion in the body of his responsive brief and fails to conform to the requirements for an unsworn affidavit or declaration. *See* 28 U.S.C. § 1746. Moreover, this alleged inaccurate representation that the clerk has authority to accept service does not constitute

proof that the clerk actually has such authority.  *See j2 Glob., Inc. v. Fax87.Com*, No. CV 13-05353 DDP AJWX, 2014 WL 462832, at *3 (C.D. Cal. Feb. 5, 2014) (quoting *U.S. Commodity Futures Trading Comm'n v. Paron Capital Mgmt., LLC*, No. C 11-4577 CW, 2012 WL 1156396, at *2 (N.D. Cal. Apr. 6, 2012)) ("[E]ven if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so.").  Rather, Rule 4 requires that the purported agent have actual authority for service to be adequate.  *See* Fed. R. Civ. P. 4(e)(2)(C). Accordingly, Mr. DiMaio has not met his burden of establishing that he complied with Rule 4(j)(2).

Mr. DiMaio's failure to strictly comply with Rule 4 is not excused under *Borzeka*'s four-part test because he has not offered a justifiable excuse for his failure to effectuate proper service.  *See* 739 F.2d at 447.  Even given Mr. DiMaio's *pro se* status, inadvertent error or lack of knowledge of the governing rules does not constitute a justifiable excuse.  *See Hamilton*, 981 F.2d at 1065.  Evidence that someone mistakenly told a plaintiff that an individual had authority to accept service can under some circumstances support finding a justifiable excuse.  *See S.J. ex rel. S.H.J.*, 2007 WL 764916, at *2 (finding a justifiable excuse for defective service where "the administrative assistant to the superintendent told plaintiffs' courier she was authorized to accept service of process, and signed an affidavit for each defendant acknowledging this authority").  Here, however, Mr. DiMaio does not support with evidence his assertion that he was told the Sheriff's Office clerk could accept service.  (*See* Resp. at 2.)  Accordingly, Mr. DiMaio's failure to strictly comply with Rule 4 is not excused.

4. <u>Remedy</u>

If the plaintiff is unable to satisfy his burden of demonstrating effective service, the court has broad discretion to either dismiss the complaint or quash the attempted service of process. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). Where there is a reasonable prospect that service may yet be accomplished and no unfair prejudice to the defendant, a court should quash service rather than dismiss the action, and permit the plaintiff to effect proper service. *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). Further, although Rule 4(m) requires service within 90 days after the complaint is filed, it "contemplates the possibility of an extension of time." *S.J.*, 470 F.3d at 1293; *see also* Fed. R. Civ. P. 4(m). A court must extend Rule 4(m)'s 90-day time period if the plaintiff shows good cause for failure to timely serve a defendant. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Even without good cause, however, the court has broad discretion to extend the time for service. *Id.* In exercising this discretion, the court may consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.* at 1040-41.

Applying the relevant factors under *Efaw*, the court exercises its discretion to quash service and extend Rule 4(m)'s 90-day time period to allow Mr. DiMaio to effectuate proper service. It appears there is a reasonable prospect that Mr. DiMaio can make effective service, and Defendants do not raise any unfair prejudice they would

1 suffer. *See Umbenhauer*, 969 F.2d at 30. Although Mr. DiMaio has not shown good

2 cause for failure to timely serve Defendants, the court concludes the length of delay in

3 proper service is not significant. Mr. DiMaio attempted to serve defendants within Rule

4 4(m)'s 90-day time period, and granting a brief extension of that time period will delay

5 proper service by only approximately three months. Additionally, Defendants concede

6 they had actual notice of the suit. (*See* MTD at 5.) The court thus exercises its discretion

7 to grant Mr. DiMaio until August 31, 2017, to accomplish proper service of process

8 pursuant to Rule 4(m).

9 **B.      Motion to Dismiss for Failure to State a Claim**

10      Defendants also contend that Mr. DiMaio's complaint fails to state a viable claim

11 and should be dismissed under Rule 12(b)(6).[5] (MTD at 6-7.)

12      1. <u>Legal Standard</u>

13      Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief

14 can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under

15 Rule 12(b)(6), the court construes the complaint in the light most favorable to the

16 nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946

17 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all

18

19

20

21

22

---

[5] Courts routinely consider 12(b)(6) motions after dismissing or quashing service of process under Rule 12(b)(5). *See, e.g., Morgan v. Capitol Indem. Corp.*, No. C17-0754JCC, 2017 WL 2717576, at *1-2 (W.D. Wash. June 23, 2017); *Bratset v. Davis Joint Unified Sch. Dist.*, No. 216CV0035GEBDBPS, 2016 WL 7212779, at *5 (E.D. Cal. Dec. 12, 2016); *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *4 (W.D. Wash. Apr. 17, 2015). Moreover, the court has an independent obligation to screen an IFP complaint and dismiss if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although the court liberally construes a *pro se* plaintiff's complaint, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), the court cannot supply essential facts that the plaintiff has failed to plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Moreover, when a plaintiff proceeds IFP, as Mr. DiMaio does here, the court must conduct an independent review of the complaint and dismiss if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same Rule 12(b)(6) dismissal standard to determine whether dismissal is warranted under Section 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

1  //

2      2. <u>Mr. DiMaio's Claims</u>

3      Although Mr. DiMaio's complaint is confusingly structured, the court liberally

4  construes it to assert several constitutional claims against Snohomish County under 42

5  U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must plead facts giving

6  rise to an inference that (1) he suffered a violation of rights protected by the Constitution

7  or created by federal statute, and (2) the violation was proximately caused by a person

8  acting under color of state or federal law.  *See, e.g.*, *Crumpton v. Gates*, 947 F.2d 1418,

9  1420 (9th Cir. 1991).  A local government unit or municipality can be sued as a "person"

10  under Section 1983 provided a plaintiff identifies a municipal "policy" or "custom" that

11  caused his or her injury.  *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing

12  *Monell*, 436 U.S. at 694).  Thus, to state a Section 1983 claim against Snohomish County,

13  Mr. DiMaio must plead facts supporting (1) a violation of his constitutional rights, and

14  (2) that the County's custom or policy caused the constitutional violation.  *Thomas v. City*

15  *of Seattle*, 395 F. Supp. 2d 992, 999 (W.D. Wash. 2005).  A plaintiff may plead a

16  municipal policy or custom by alleging facts that give rise to (1) an inference of a

17  longstanding practice or custom which constitutes the municipality's standard operating

18  procedure; (2) an inference that the decisionmaking official was a final policymaking

19  authority under state law whose edicts or acts may fairly be said to represent official

20  policy in the area of decision; or (3) an inference that an official with final policymaking

21  authority either delegated that authority to, or ratified the decision of, a subordinate.

22  *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

//

Defendants construe Mr. DiMaio's complaint to allege two constitutional claims under Section 1983: (1) deprivation of Mr. DiMaio's "First Amendment right to access legal counsel and the legal process to redress matters of public concern involving unconstitutional action," and (2) deprivation of his Fourteenth Amendment right to equal protection of the laws. (MTD at 6.) Defendants argue that Mr. DiMaio fails to plead sufficient facts to state these claims. (*Id.*) As explained more fully below, the court concludes that Mr. DiMaio's complaint fails to state claims under the First Amendment and the equal protection clause of the Fourteenth Amendment. Accordingly, the court grants Defendants' motion and dismisses Mr. DiMaio's First Amendment and equal protection claims under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court discerns a third constitutional claim: deprivation of Mr. DiMaio's employment without procedural due process.[6] (*See* Compl. at 3.) Because Mr. DiMaio fails to allege sufficient facts to state a procedural due process claim, the court dismisses that claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[7]

---

[6] Although Defendants argue in their reply that Mr. DiMaio's complaint fails to state a procedural due process claim (*see* Reply at 5), a litigant may not raise a new issue in reply, *Coos Cty. Bd. of Cty. Comm'rs v. Kempthorne*, 531 F.3d 792, 812 (9th Cir. 2008). The court therefore reviews the procedural due process claim under 28 U.S.C. § 1915(e)(2)(B)(ii) rather than Rule 12(b)(6).

[7] Mr. DiMaio submitted hundreds of pages of exhibits with his complaint, but he does not cite the exhibits in his complaint. A plaintiff may not "attach hundreds of pages of exhibits to his complaint and expect the defendants, or the court, to wade through in the hopes of finding potential claims." *Wilkerson v. Haabs*, No. 10-1067, 2010 WL 1687896, at *1 (C.D. Ill. Apr. 23, 2010). Accordingly, the court has not "sift[ed] through those exhibits to determine how they might support the various claims" Mr. DiMaio asserts in this action. *Cohen v. Hodges*, No. CIVA 08CV-02806-BNB, 2009 WL 440906, at *2 (D. Colo. Feb. 13, 2009). If Mr. DiMaio

i.  <u>First Amendment Claims</u>

Mr. DiMaio claims that defendants "penalized [Mr.] DiMaio's First Amendment right to access legal counsel and the legal process to redress matters of public concern." (Compl. ¶ 23.)  Mr. DiMaio fails to state a First Amendment claim for two reasons.  First, Mr. DiMaio fails to state a cognizable legal claim that Defendants violated his First Amendment "right to access legal counsel."  The court "is unaware of constitutionally-protected rights to counsel other than those guaranteed by the Fifth and Sixth Amendments, neither of which is at issue in this case."  *Bouma v. Trent*, No. CV-10-0267-PHX-NVW, 2010 WL 1531171, at *4 (D. Ariz. Apr. 15, 2010).  Second, although Mr. DiMaio does not specify the legal basis for the claim he intends to support with his allegation that Defendants penalized his First Amendment right to access "the legal process," the court addresses several possibilities and concludes that his complaint pleads insufficient facts to state a claim.  (*See* Compl. ¶ 23.)

The First Amendment broadly guarantees the right "to petition the Government for a redress of grievances."  *See* U.S. Const. amend. I.  A government actor infringes this right by directly interfering with the right to present a grievance or imposing restrictions on the ability to present a grievance that have a "chilling" effect on a citizen's exercise of that right.  *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996).  More specifically, the First Amendment guarantees the right of prisoners to meaningfully

chooses to amend his complaint, he should include in the amended complaint any factual allegations that support his claims, and any attached exhibits must be cited and explained in the amended complaint.

access the legal process of the courts to present complaints. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Johnson v. Avery*, 393 U.S. 483 (1969)). It also protects a qualified right of access for the press and public to observe government activities, including criminal judicial proceedings. *See Richmond Newspapers,* 448 U.S. 555, 580 (1980).

Defendants argue that Mr. DiMaio fails to plead facts showing that Defendants have prevented him from presenting grievances or have otherwise imposed any restriction on his ability to do so. (MTD at 6.) The court agrees. (*See generally* Compl.) Moreover, Mr. DiMaio is not a prisoner, and his complaint does not allege any facts giving rise to an inference that Defendants deprived him of the opportunity to observe governmental activities or proceedings. (*See generally* Compl.) For these reasons, Mr. DiMaio fails to allege facts giving rise to First Amendment claims. The court thus dismisses those claims under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

ii.    Equal Protection Claim

Mr. DiMaio also contends that Defendants deprived Mr. DiMaio of "14th amendment Equal Protection of Laws." (Compl. ¶ 24.) To state a Section 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment, Mr. DiMaio must allege that Defendants have adopted a classification that affects two or more similarly situated groups in an unequal manner and that Defendants "'acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999)).

As Defendants argue, Mr. DiMaio does not plead facts giving rise to the plausible inference that he belongs to a protected class or that he was treated differently in his termination proceedings based on his membership in a protected class. (*See* MTD at 7; *see generally* Compl.) Thus, the court dismisses Mr. DiMaio's equal protection claim under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii. Procedural Due Process

Finally, the court discerns a claim that Defendants violated Mr. DiMaio's procedural due process rights. (*See* Compl. at 3.) Mr. DiMaio alleges that Defendants deprived him of "presumptively continuing government employment" without providing "a meaningful post-termination opportunity to bring [before] a neutral fact finder testimonial evidence of his innocence and the falsity of accusations against him." (*Id.*)

To state a claim for a violation of procedural due process, Mr. DiMaio must allege facts that give rise to an inference of: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cty. of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993). A government employee has a constitutionally protected property interest in continued employment if a law or rule creates a legitimate claim of entitlement to his job. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). A public employee with a protected property interest in his job is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before he is terminated. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). In identifying this minimum requirement for pre-termination process, the

Supreme Court relied on the fact that state law provided the employee with a full

post-termination hearing. *Id.* at 548. "The general rule is that the less the pre-deprivation

process, the greater must be the post-deprivation process." *Cassim v. Bowen,* 824 F.2d

791, 798 (9th Cir. 1987).

Mr. DiMaio's complaint fails to state a procedural due process claim for two

reasons. First, Mr. DiMaio's complaint fails to plead or suggest a basis on which he

claims a property interest in his continued employment with the Snohomish County

Sheriff's Office. Mr. DiMaio merely alleges in conclusory fashion that Defendants

deprived him of "presumptively continuing government employment." (Compl. at 3.)

Second, the failure to afford a post-termination hearing, by itself, is an insufficient

basis to infer that Plaintiff received constitutionally deficient process. Whether due

process requires that Mr. DiMaio receive a post-termination hearing depends upon the

constitutional adequacy of the pre-termination safeguards he received. *See Cassim*, 824

F.2d at 798. Mr. DiMaio does not make factual allegations that suggest the

pre-termination procedures were inadequate. (*See generally* Compl.) His most relevant

factual allegations are that a "Snohomish Internal Affairs investigator reviewed the

[police department] record and DiMaio and [his former girlfriend's] answers; disregarded

the findings of [the police department]; and credited as true the false accusations made by

[Mr. DiMaio's former girlfriend]," and a "pre-disciplinary investigator recommended that

[Mr.] DiMaio be terminated from Snohomish and summoned [Mr.] DiMaio to give

rebuttal at a January, 2015 meeting." (Compl. ¶¶ 10-11.) These allegations do not give

rise to an inference of constitutionally deficient procedures. At best, these allegations are

"merely consistent with" liability, which is insufficient under *Iqbal*. *See* 556 U.S. at 678. Instead, Mr. DiMaio's allegations show only a result with which Mr. DiMaio disagrees. "The Due Process cause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Portman*, 995 F.2d at 908. Absent facts giving rise to a reasonable inference that the pre-termination procedures were not themselves sufficient to satisfy due process, the allegation that Mr. DiMaio has not been given a post-termination hearing is insufficient by itself to state a viable Section 1983 claim.

Moreover, Mr. DiMaio fails to plead sufficient facts to support *Monell* liability. Mr. DiMaio makes only the bare assertion that "[b]y standard procedure or official policy the individual Defendant ratified the summary deprivations." (Compl. ¶ 22.) Although previous Ninth Circuit authority required a plaintiff in a civil rights action against a local government to set forth no more than a bare allegation that government officials' conduct conformed to an unidentified government policy or custom, "the Ninth Circuit explicitly found that authority to be overruled post-*Iqbal*." *Wyrzykowski v. Cty. of Marin*, No. 3:14-CV-03825-LB, 2015 WL 3613645, at *10 (N.D. Cal. June 9, 2015) (citing *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)). Mr. DiMaio does not plead nonconclusory facts that give rise to the inference that he was terminated pursuant to a longstanding practice or custom that constitutes Snohomish County's standard operating procedure, that Snohomish County Sheriff Ty Trenary was a final policymaking authority with respect to personnel decisions, or that an official with such final policymaking authority delegated that authority to Sheriff Trenary or ratified Sheriff

Trenary's decision.  *Cf. Menotti*, 409 F.3d at 1147.  The court thus dismisses Mr.

DiMaio's claim that Defendants deprived him of procedural due process.  *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

    3.  <u>Leave to Amend</u>

    When a court dismisses a *pro se* plaintiff's complaint, the court must give the

plaintiff leave to amend unless it is absolutely clear that amendment could not cure the

defects in the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Because it is possible that Mr. DiMaio can cure the defects in his complaint with

additional factual allegations, the court grants Mr. DiMaio leave to amend his complaint.

Mr. DiMaio must file an amended complaint, if any, that corrects the deficiencies the

court identifies herein no later than August 22, 2017.[8]  If Mr. DiMaio chooses to amend

his complaint, his amended complaint must include a short and plain statement that

describes (1) the factual circumstances of the alleged harm, e.g., where and when it

occurred; (2) the actions of Defendants that give rise to Mr. DiMaio's claims; (3) the

basis for the court's jurisdiction; and (4) the relief Mr. DiMaio seeks.  *See* Fed. R. Civ. P.

8(a)(1)-(3).  Mr. DiMaio must timely serve the appropriate defendants with the amended

complaint, if any, by August 31, 2017.  If Mr. DiMaio fails to timely comply with this

//

//

//

---

[8] The court cautions Mr. DiMaio that an amended complaint will supersede his original complaint and leave his original complaint without legal effect.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

order or fails to file an amended complaint that remedies the deficiencies identified herein, the court will dismiss his complaint without leave to amend.[9]

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part Defendants' motion to dismiss and for a more definite statement (Dkt. # 8). The court DENIES the motion under Rule 12(b)(5) but QUASHES Mr. DiMaio's prior attempt at service and EXTENDS the time for effecting service of process; GRANTS the motion under Rule 12(b)(6) and DISMISSES Mr. DiMaio's complaint without prejudice and with leave to amend; and DENIES as moot Defendants' motion under Rule 12(e). Mr. DiMaio must file an amended complaint no later than August 22, 2017, and accomplish proper service of process no later than August 31, 2017.

Dated this 1st day of August, 2017.

_____
JAMES L. ROBART
United States District Judge

---

[9] Defendants also move for a more definite statement pursuant to Rule 12(e) on the basis that Mr. DiMaio's complaint is confusing because it contains paragraphs labeled 1-13 and 22-25 and two pages appear to be transposed. (*See* MTD at 5.) Because the court dismisses the complaint in its entirety for failure to state a claim, the court concludes that Defendants' Rule 12(e) motion on this ground is moot. *See infra* § III.B.3.