UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DIMAIO,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SNOHOMISH, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-0128JLR<br><br>ORDER DENYING SECOND MOTION TO APPOINT COUNSEL |

## I.　INTRODUCTION

Before the court is Plaintiff Richard DiMaio's second motion to appoint counsel. (2d MTA (Dkt. # 36).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court denies the motion for the reasons set forth below.

---

[1] Mr. DiMaio did not request oral argument on the motion, and the court finds that it would not be helpful to the court's disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

## II. BACKGROUND & ANALYSIS

Mr. DiMaio, who is proceeding *pro se* and *in forma pauperis*, filed this lawsuit against Snohomish County and Sheriff Ty Trenary (collectively, "Defendants") on January 30, 2017. (IFP Mot. (Dkt. # 1); IFP Order (Dkt. # 2).) The suit arises from Mr. DiMaio's termination from the Snohomish County Sheriff's Office on February 3, 2015. (Am. Compl. (Dkt. # 22) ¶ 13.) The court denied Mr. DiMaio's first motion to appoint counsel after finding that Mr. DiMaio had not made the required showings. (*See* 5/9/17 Order (Dkt. # 14) at 3, 6.) On August 2, 2017, the court granted Defendants' motion to dismiss Mr. DiMaio's original complaint for failure to state a claim and granted him leave to amend. (8/2/17 Order (Dkt. # 20).) Mr. DiMaio timely amended his complaint, alleging violations of his First, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and a breach of contract claim. (Am. Compl. ¶¶ 18-24.) He seeks damages, injunctive relief, and attorney's fees. (*See id.* ¶ 25.)

Mr. DiMaio once again requests that the court appoint counsel to assist him with his case.[2] (2d MTA at 2.) The Western District of Washington has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in

---

[2] Mr. DiMaio makes his request in a second response to Defendants' second motion to dismiss. (*See* Dkt.) Because the court must liberally construe the filings of *pro se* litigants, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), the court treats the response as a motion to appoint counsel (*see* Dkt.). The court notes, however, that in addition to failing to demonstrate a basis for appointing counsel, *see infra*, Mr. DiMaio's recent filings suggest that he may have received legal counsel in drafting his latest complaint (*see generally* Am. Compl. (listing "Michael A. Jacobson, P.S., Inc." in the footer of the amended complaint); MTA at 1 ("The complaint in its entirety (Completed by Attorney at law Mike Jacobson).")). This fact also cuts against granting the motion.

Civil Rights Actions). The plan requires the court to assess a plaintiff's case before forwarding it to the Pro Bono Screening Committee for further review and possible appointment of pro bono counsel. *Id.* In its initial assessment, the court evaluates the case to determine that it is not frivolous and that the plaintiff is financially eligible. *Id.* Although the court has "discretion to designate counsel to represent an indigent civil litigant," *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* 28 U.S.C. § 1915(e)(1), the court may only do so in "exceptional circumstances," *Wilborn*, 789 F.2d at 1331; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The court may find exceptional circumstances after evaluating "the likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. The court must analyze both of these factors together before deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1). *See id.* The party seeking counsel bears the burden of demonstrating exceptional circumstances. *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

As with Mr. DiMaio's first motion, his submissions do not support referring the case to the Pro Bono Screening Committee for further review or a finding of exceptional circumstances that warrant appointing counsel. Mr. DiMaio makes no argument as to the likelihood of success on the merits of his claims (*see* 2d MTA), and after conducting an independent review, the court cannot say that Mr. DiMaio is likely to succeed on the merits of his claim (*see* Am. Compl.); *Wilborn*, 789 F.2d at 1331; General Order, August

1, 2010, Section 3(c).[3] Instead, Mr. DiMaio argues that his case amounts to "a modern day case of David and Goliath, in where the strong push around the small and weak." (2d MTA at 2.) Because Mr. DiMaio "provides no evidence of his likelihood of success at trial[, he] fails to satisfy the first factor of the test." *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016).

In addition, despite Mr. DiMaio's focus on the uneven resources between Defendants and him (2d MTA at 1-2), the court finds that any difficulty Mr. DiMaio will experience litigating his case does not stem "from the complexity of the issues involved," *Wilborn*, 789 F.2d at 1331. The fact that Mr. DiMaio might find "it difficult to articulate his claims *pro se*" is insufficient to demonstrate that his case involves complex legal issues. *Wilborn*, 789 F.2d at 1331; *see also Garcia v. C.D.C.R.*, No. 12cv1084 IEG (KSC), 2013 WL 485756, at *1 (S.D. Cal. Feb. 6, 2013) (noting that exceptional circumstances are not shown even though there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel"). Indeed, the constitutional claims that Mr. DiMaio alleges are relatively straightforward, particularly after the court's extensive order detailing the deficiencies in his first complaint. (*See* Am. Compl. ¶¶ 18-24; *see also* 8/2/17 Order at 13-21 (discussing the shortcomings in Mr. DiMaio's first complaint and granting leave to amend).) Accordingly, Mr. DiMaio fails to meet his burden of establishing exceptional

---

[3] The court expresses no opinion regarding the merits of Defendants' second motion to dismiss. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (stating that district courts may not dismiss a *pro se* plaintiff's complaint prior to ruling on his motion for appointment of counsel); (2d MTD (Dkt. # 32).)

1 | circumstances that warrant the appointment of counsel.⁴ *See Wilborn*, 789 F.2d at 1331;

2 | *Brogdon*, 2013 WL 3155116, at *1.

3 | Dated this 26th day of October, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge

---

⁴ Mr. DiMaio may access materials to assist *pro se* litigants on the Western District of Washington's website. *See Representing Yourself ("Pro Se")*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/representing-yourself-pro-se; *E-Pro Se*, W. DIST. OF WASH., http://www.wawd.uscourts.gov/pro-se/e-pro-se.