UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD DIMAIO,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF SNOHOMISH, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-0128JLR<br><br>ORDER ON DEFENDANTS'<br>SECOND MOTION TO DISMISS |

## I.　INTRODUCTION

Before the court is Defendants County of Snohomish ("the County") and Snohomish County Sheriff Ty Trenary's (collectively, "Defendants") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff Richard DiMaio's amended complaint. (2d MTD (Dkt. # 32).) Mr. DiMaio opposes the motion. (2d MTD Resp. (Dkt. # 33).) The court has considered the motion, the submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.

//

Being fully advised,[1] the court GRANTS Defendants' motion for the reasons set forth below.

## II. BACKGROUND

On January 30, 2017, Mr. DiMaio, who appears to be proceeding *pro se*,[2] commenced this litigation by filing a motion for leave to proceed *in forma pauperis* ("IFP"). (IFP Mot. (Dkt. # 1).) The court granted Mr. DiMaio's motion on February 7, 2017 (IFP Order (Dkt. # 2)), and docketed his complaint the same day (*see* Compl. (Dkt. # 3)).

This lawsuit arises from Mr. DiMaio's termination from the Snohomish County Sheriff's Office. (FAC (Dkt. # 22) ¶¶ 1, 11, 13.) On April 6, 2017, Defendants moved to dismiss Mr. DiMaio's original complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (*See* 1st MTD (Dkt. # 8); 8/2/17 Order (Dkt. # 20).) The court construed Mr. DiMaio's original complaint as alleging First and Fourteenth Amendment violations against Snohomish County under 42 U.S.C. § 1983. (Compl. ¶¶ 5, 13; *see also id.* at 3.) The court concluded that Mr. DiMaio failed to state a claim for deprivation of Mr. DiMaio's asserted First Amendment right to access legal counsel and the legal

---

[1] No party requests oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The docket states that Mr. DiMaio is proceeding *pro se*, and he has twice moved for the appointment of counsel. (*See generally* Dkt.; 1st MTA (Dkt. # 13); 2d MTA (Dkt. # 36); *see also* 5/9/17 Order (Dkt. # 14) (denying the appointment of counsel); 10/26/17 Order (Dkt. # 37) (same).) However, Mr. DiMaio's amended complaint contains a footer that includes information for "Michael A. Jacobson, P.S. Inc.," suggesting that Mr. DiMaio may in fact be represented by counsel. (*See generally* FAC.) Nevertheless, out of an abundance of caution, the court assumes that he is proceeding *pro se* and accordingly, liberally construes his amended complaint and briefing on the motion to dismiss. *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

process to redress matters of public concern involving unconstitutional action; Fourteenth Amendment right to equal protection of the laws; and Fourteenth Amendment right to procedural due process regarding termination of his employment.[3] (8/2/17 Order at 14.) The court granted Mr. DiMaio leave to amend those claims, however, because the court found it "possible that Mr. DiMaio c[ould] cure the defects in his complaint with additional factual allegations." (*Id.* at 20.) The court cautioned Mr. DiMaio that the court would dismiss his complaint without leave to amend if he filed an amended complaint that failed to remedy the deficiencies in the original complaint. (*Id.* at 20-21.) Mr. DiMaio filed his amended complaint on August 18, 2017. (*See* FAC.)

Mr. DiMaio's amended complaint deviates little from his original complaint. (*Compare* Compl., *with* FAC.) He asserts that he was hired as a sheriff's deputy by the Snohomish County Sheriff's Office in 2004.[4] (FAC ¶ 5.) Mr. DiMaio alleges that in 2013, he "was falsely accused and disciplined for deficient attendance, deficient use of time[,] and inefficiency." (*Id.* ¶ 6.) He states that after "notice and review," those "accusations were found to be without merit and unsustained." (*Id.*) He further alleges that in 2014, his former girlfriend falsely accused him of wrongdoing, a "Snohomish Internal Affairs Investigator" credited her false accusations as true, and "a pre-disciplinary investigator" recommended that Mr. DiMaio be terminated. (*Id.* ¶¶ 7-8,

---

[3] The court also concluded that Mr. DiMaio had not properly served Defendants, but instead of dismissing on that basis, the court quashed Mr. DiMaio's attempt at service and granted him additional time to accomplish proper service of process pursuant to Federal Rule of Civil Procedure 4(m). (*See* 8/2/17 Order at 10-11.)

[4] In his original complaint, Mr. DiMaio stated that he was hired in 2003. (Compl. ¶ 5.)

10-11.) Mr. DiMaio contends that on February 3, 2015, Sheriff Trenary terminated Mr. DiMaio's employment without cause. (*Id.* ¶ 13.)

Based on these allegations, Mr. DiMaio asserts claims for violation of his rights under the First Amendment and to procedural due process and equal protection of the laws under the Fourteenth Amendment. (*Id.* ¶¶ 18-22.) He also asserts a breach of contract claim. (*Id.* ¶¶ 23-24.) Pursuant to Rule 12(b)(6), Defendants move to dismiss the amended complaint without leave to amend and with prejudice. (*See* 2d MTD.)

### III. ANALYSIS

**A.  Legal Standard**

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. It is not

enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although the court liberally construes a *pro se* plaintiff's complaint, *Litmon*, 768 F.3d at 1241, the court cannot supply essential facts that the plaintiff fails to plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.    Defendants' Motion**

Defendants move to dismiss Mr. DiMaio's amended complaint with prejudice for failure to state a claim. (*See* 2d MTD at 3.) Specifically, they contend that Mr. DiMaio fails to cure the deficiencies that led to the court's prior dismissal of his constitutional claims, he did not have the court's leave to add a breach of contract claim, and even if Mr. DiMaio had been permitted to include the contract claim, he inadequately pleads it. (*See id.* at 3-9.) Mr. DiMaio's response to the motion contains a "clarification of facts"; a statement of his belief that "the path the [C]ounty used to terminate [him] was crooked, deceptive[,] and illegal," providing "the basis for the compl[ai]nt"; a contention that Defendants and their counsel "would like to jump straight to the [Federal Rule of Civil Procedure] 26(f) conference"; and a statement that he is "slightly confused by what appears to be a redundant motion to dismiss." (2d MTD Resp. at 1-3.) The court now addresses Defendants' motion, construing the facts in the light most favorable to Mr. DiMaio and construing the complaint and briefing liberally due to his *pro se* status.

//

1. Constitutional Claims

Mr. DiMaio brings his constitutional claims against the County under 42 U.S.C. § 1983.[5] (FAC ¶¶ 18, 20-21); *see also* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must plead facts giving rise to an inference that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See, e.g.*, *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A local government unit or municipality can be sued as a "person" under Section 1983 when a plaintiff identifies a municipal "policy" or "custom" that caused his or her injury. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Thus, to state a Section 1983 claim against Snohomish County, Mr. DiMaio must plead facts supporting (1) a violation of his constitutional rights, and (2) a County custom or policy that caused the constitutional violation. *Thomas v. City of Seattle*, 395 F. Supp. 2d 992, 999 (W.D. Wash. 2005). A plaintiff may plead a municipal policy or custom by alleging facts that give rise to (1) an inference of a longstanding practice or custom which constitutes the municipality's standard operating procedure; (2) an inference that the

---

[5] When a plaintiff brings a lawsuit against a government officer in his official capacity—as Mr. DiMaio does against Sheriff Trenary—a court treats the suit as a suit against the entity that employs the officer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Updike v. Clackamas Cty.*, No. 3:15-CV-00723-SI, 2015 WL 7722410, at *2-4 (D. Or. Nov. 30, 2015) (dismissing the plaintiff's claims against the county sheriff in his official capacity as redundant with his claims against the county); (FAC at 1 (naming Sheriff Trenary "in his official capacity").) For the purposes of resolving this motion, the court construes the action against Sheriff Trenary in his official capacity as an action against the County.

decisionmaking official was a final policymaking authority under state law whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) an inference that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). Although previous Ninth Circuit authority required a plaintiff in a civil rights action against a local government to set forth no more than a bare allegation that government officials' conduct conformed to an unidentified government policy or custom, "the Ninth Circuit explicitly found that authority to be overruled post-*Iqbal*." *Wyrzykowski v. Cty. of Marin*, No. 3:14-CV-03825-LB, 2015 WL 3613645, at *10 (N.D. Cal. June 9, 2015) (citing *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

Mr. DiMaio fails to plead sufficient facts to support *Monell* liability for any of his constitutional claims because he does not sufficiently allege facts giving rise to the purported constitutional violations or that those violations were caused by the County's custom or policy. The court addresses each issue in turn.

    *a. First Amendment*

Mr. DiMaio re-asserts his allegation that Defendants violated his First Amendment "right to access legal counsel and the legal process to redress matters of public concern involving unconstitutional action." (FAC ¶ 20; *see also* Compl. ¶ 23 (stating the same).) Defendants argue that Mr. DiMaio fails to properly plead this claim because he offers no new factual allegations relevant to the claim. (2d MTD at 3; *see also* 8/2/17 Order at

//

15-16.) The court agrees. Because his allegations remain the same, Mr. DiMaio again fails to state a First Amendment claim. (*See* 8/2/17 Order at 15-16.)

First, Mr. DiMaio fails to state a cognizable claim that Defendants violated his First Amendment "right to access legal counsel." (FAC ¶ 20.) The court "is unaware of constitutionally-protected rights to counsel other than those guaranteed by the Fifth and Sixth Amendments, neither of which is at issue in this case." *Bouma v. Trent*, No. CV-10-0267-PHX-NVW, 2010 WL 1531171, at *4 (D. Ariz. Apr. 15, 2010). Thus, Mr. DiMaio fails to allege a cognizable legal basis for his purported claim. *See Balistreri*, 901 F.2d at 699.

Second, Mr. DiMaio's alleged First Amendment right to access "the legal process" does not appear to be cognizable, and even if it is, he fails to plead sufficient facts to state such a claim. (*See* FAC ¶ 20 (stating that "[i]ndividual defendants' actions under color of law in violation of [42 U.S.C. § 1983] deliberately penalized [his] First Amendment right to . . . the legal process to redress matters of public concern involving unconstitutional action.").) The First Amendment broadly guarantees the right "to petition the Government for a redress of grievances." *See* U.S. Const. amend. I. A government actor infringes on this right by directly interfering with the right to present a grievance or imposing restrictions on the ability to present a grievance in such a way that has a "chilling" effect on a citizen's exercise of that right. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996). More specifically, the First Amendment guarantees the right of prisoners to meaningfully access the legal process of the courts to present complaints. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (citing *Johnson v. Avery*, 393

U.S. 483 (1969)). It also protects a qualified right of access for the press and public to observe government activities, including criminal judicial proceedings. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 (1980).

None of those formulations of First Amendment rights is supported by Mr. DiMaio's factual allegations. As with his original complaint, Mr. DiMaio again fails to plead facts showing that Defendants prevented him from presenting grievances or have otherwise restricted his ability to do so. (*See generally* FAC; 8/2/17 Order at 15-16.) Moreover, Mr. DiMaio is not a prisoner, and his complaint does not allege any facts giving rise to an inference that Defendants deprived him of the opportunity to observe governmental activities or proceedings. (*See generally* FAC.) For these reasons, Mr. DiMaio fails to allege facts giving rise to a First Amendment claim based on access to counsel or the legal process, and the court grants Defendants' motion to dismiss the claim.

      *b. Equal Protection*

Mr. DiMaio further alleges that "Defendants acted under color of law or pursuant to standard or official procedures[] to deprive [him] of 14th Amendment Equal Protection of Laws." (FAC ¶ 6.) As with his First Amendment claim, Defendants contend that Mr. DiMaio pleads no new factual allegations supporting the claim. (2d MTD at 4; *see also* 8/2/17 Order at 16-17.) To state a Section 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment, Mr. DiMaio must allege that Defendants have adopted a classification that affects two or more similarly situated groups in an unequal manner and that Defendants "'acted with an intent or purpose to

discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999)).

The court agrees that Mr. DiMaio does not plead facts giving rise to the plausible inference that he belongs to a protected class or that he was treated differently in his termination proceedings based on his membership in a protected class. (*See generally* FAC.) Indeed, he makes no allegations whatsoever regarding a protected class or differential treatment. (*See generally id.*) Thus, the court dismisses Mr. DiMaio's equal protection claim under Rule 12(b)(6) for failure to state a claim.

    c. *Procedural Due Process*

Mr. DiMaio also reasserts his procedural due process claim under the Fourteenth Amendment. (FAC ¶¶ 18-19.) Specifically, Mr. DiMaio alleges that a "pre-disciplinary investigator recommended" that he be terminated based on findings related to Mr. DiMaio's former girlfriend and "summoned [him] to give rebuttal at a January, 2015 meeting." (*Id.* ¶ 11.) He further alleges that Sheriff Trenary "exercised [the Snohomish County Sheriff's Office's] official authority to terminate [him] by decision dated Feb[ruary] 3[,] 2015." (*Id.* ¶ 13.) Mr. DiMaio also asserts that he "had a property interest in his continuing civil service employment" (*id.* ¶ 16 (footnote omitted)) and that "Defendants deprived [him] of notice of his right to bring testimonial evidence to a neutral fact finder to preserve his civil service property interest[,] advising him of neither the applicable time limits or designated recipient or code sections under which his protections would lie" (*id.* ¶ 17 (footnote omitted)). In addition, Mr. DiMaio states that

the County circulated information about disciplinary procedures and includes in his complaint excerpts of those procedures. (*Id.* ¶ 12.) Defendants contend that Mr. DiMaio's claim continues to suffer from three deficiencies[6]: (1) that he in fact received notice of the procedures due, (2) the failure to address the adequacy of pre-termination process, and (3) the absence of allegations supporting a *Monell* claim. (2d MTD at 5-8.)

To state a claim for a violation of procedural due process, Mr. DiMaio must allege facts giving rise to a reasonable inference of: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). A government employee has a constitutionally protected property interest in continued employment if a law or rule creates a legitimate claim of entitlement to his job. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). A public employee with a protected property interest in his job is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before he is terminated. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). In identifying this minimum requirement for pre-termination process, the Supreme Court relied on the fact that state law provided the employee with a full

---

[6] Defendants also state that Mr. DiMaio's amended complaint fails to identify the source of his putative property interest. (2d MTD at 5.) However, despite identifying this deficiency, Defendants nevertheless "advise and represent to the [c]ourt that Mr. DiMaio was in fact part of a union . . . that was party to a collective bargaining agreement ("CBA") with Snohomish County." (2d MTD at 5 n.3.) Thus, "the County does not intend to dispute that Mr. DiMaio enjoyed a property interest in his position." (*Id.*); *see also Portman*, 995 F.2d at 904 (requiring a plaintiff to demonstrate a property interest to state a procedural due process violation). For this reason and because the court concludes that Mr. DiMaio's procedural due process fails on other grounds, the court does not further address the sufficiency of any asserted property interest.

post-termination hearing. *Id.* at 548. "The general rule is that the less the pre-deprivation process, the greater must be the post-deprivation process." *Cassim v. Bowen,* 824 F.2d 791, 798 (9th Cir. 1987).

The court first finds that Mr. DiMaio adequately pleads a government deprivation of his property interest. (*See* FAC ¶¶ 11, 13.) When viewing the complaint in the light most favorably to him, he sufficiently alleges that the County deprived him of his continued employment—a property interest—with the Sheriff's Office. (*Id.* ¶¶ 16-17); *see also Portman,* 995 F.2d at 904 (stating that the plaintiff must allege the deprivation of a protected liberty or property interest).

However, Mr. DiMaio fails to allege facts regarding a lack of process rising to the level of a constitutional violation. Mr. DiMaio contends that Defendants deprived him of notice of his "right to bring testimonial evidence to a neutral fact finder" and did not advise him of "the applicable time limits or designated recipient or code sections under which his protections would lie." (FAC ¶ 17.) In this regard, Mr. DiMaio shifts his theory of the inadequacy of the process the County afforded him in relation to his termination. (*Compare id.*, *with* Compl. at 3 (stating that Defendants deprived Mr. DiMaio of "a meaningful post-termination opportunity to bring to a neutral fact finder testimonial evidence of his innocence and the falsity of accusations against him").) Thus, the court addresses only whether Mr. DiMaio sufficiently pleads that the County did not provide him notice.

"The standard for what amounts to constitutionally adequate notice . . . is fairly low; it's notice reasonably calculated under all of the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objection." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008) (internal quotation marks omitted). The purpose of notice is to allow someone to marshal "'a case against the firing body.'" *Sadid v. Vailas*, 936 F. Supp. 2d 1207, 1126-27 (D. Idaho 2013) (quoting *Bignall v. N. Idaho Coll.*, 538 F.2d 243, 247 (9th Cir. 1976)). Mr. DiMaio's contention that he did not receive "notice of his right to bring testimonial evidence" (FAC ¶ 17) is belied by Mr. DiMaio's allegation that the "pre-disciplinary investigator . . . summoned [him] to give rebuttal" and his acknowledgement that the County "circulated to its employees in writing" disciplinary procedures that stated "[d]isciplinary action may be appealed to the Snohomish County Civil Service Commission . . . in accordance with Snohomish County Civil Service[] Rules" (*id.* ¶¶ 11-12). From these allegations, there is no reasonable basis from which the court can infer that the County did not provide Mr. DiMaio notice of how he could contest his termination. *See Weisbuch v. Cty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("A plaintiff may plead himself out of court if he pleads facts which establish that he cannot prevail on his constitutional claim." (internal quotation marks and brackets omitted)); *cf. Gustard v. Harris*, No. 2:17-cv-0012-EFB P, 2017 WL 5900087, at *13 (E.D. Cal. Nov. 30, 2017) (stating that contradictory allegations in the complaint failed to support a plausible inference that the plaintiff did not have adequate notice in time to prepare for the hearing). The court therefore dismisses Mr. DiMaio's procedural due process claim.

//

### d. *Custom or Policy*

In addition to failing to state underlying constitutional violations, Mr. DiMaio fails to sufficiently allege that a County custom or policy led to the alleged violations. Mr. DiMaio asserts that "[b]y standard procedure or official policy the individual Defendant ratified the summary deprivations of [Mr.] DiMaio's government property in violation of constitutional rights" (FAC ¶ 19), that "Defendants acted under color of law or pursuant to standard or official procedures" (*id.* ¶ 21), and that Sheriff Trenary was the Snohomish County Sheriff Department's "head policy making official" (*id.* ¶ 3). These assertions do not give rise to the plausible inference that the County had a custom or policy giving rise to the First Amendment and equal protection claims because Mr. DiMaio's complaint contains no further allegations touching on those claims. (*See generally id.*)

However, Mr. DiMaio's procedural due process claim warrants additional discussion because he alleges additional facts about his termination. It appears that Mr. DiMaio intended to plead a ratification theory regarding his procedural due process claim, but he falls short. Under the ratification theory, "a local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016). The County may be liable pursuant to this theory "only where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with

respect to the subject matter in question." *Id.* at 1250. Although Mr. DiMaio alleges that Sheriff Trenary was the Sheriff Office's "head policy making official" (FAC ¶¶ 3), this allegation does not give rise to a plausible inference of *Monell* liability because nothing in the amended complaint suggests that Sheriff Trenary ratified a policy of inadequate notice for procedural due process purposes, *cf. Clouthier*, 591 F.3d at 1250; *see also Iqbal*, 556 U.S. at 678 (stating that allegations "merely consistent with" liability are insufficient). Thus, Mr. DiMaio's "mere recitation of the basic elements of a *Monell* claim . . . do not suggest any plausible claim for relief." *Howard v. Dalisay*, No. C 10-05655 LB, 2014 WL 186304, at *9 (N.D. Cal. Jan. 16, 2014).

For these reasons, Mr. DiMaio fails to adequately allege a custom or policy giving rise to his *Monell* claims, and the court dismisses the claims on this basis as well.

2. Breach of Contract Claim

Mr. DiMaio's amended complaint includes a breach of contract claim not pleaded in his original complaint. (*Compare* Compl. (not stating a breach of contract claim), *with* FAC ¶ 23 (alleging that "[l]acking an objective and sincere basis 'for cause' to discipline [Mr.] DiMaio or to impose dismissal, [D]efendants breached [his] employment contract" (footnote omitted)).) In dismissing Mr. DiMaio's original complaint, the court limited Mr. DiMaio's leave to amend to the claims stated in that complaint. (*See* 8/2/17 Order at 20 (granting Mr. DiMaio leave to amend to "correct[] the deficiencies the court identifies herein").) Moreover, he did not request the court's leave to add this claim and cannot assert that he amended the complaint as of right. (*See generally* Dkt.); Fed. R. Civ. P. 15(a)(1)(A)-(B) (stating that a plaintiff may amend his complaint "once as a matter of

course within . . . 21 days of serving it" or within "21 days after service of a motion under Rule 12(b)"), (2) (stating that "[i]n all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave").  In addition, he does not argue in response to the motion to dismiss that the court should otherwise allow him to add this claim.  (*See* 2d MTD at 8-9 (raising the issue that Mr. DiMaio's amendment exceeds the scope of the court's leave); *see generally* 2d MTD Resp.)  Courts routinely decline to accept amendments that they did not grant a plaintiff leave to make, and the court does so here.[7]  *See Vahora v. Valley Diagnostics Lab. Inc.*, No. 1:16-cv-01624-SKO, 2017 WL 2572440, at *2 (E.D. Cal. June 14, 2017) (collecting cases); *Jameson Beach Prop. Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) ("[W]hether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation."); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed . . . .").  For this reason, the court also dismisses Mr. DiMaio's breach of contract claim.

//

//

---

[7] Because the court dismisses Mr. DiMaio's breach of contract claim on this basis, it does not address the sufficiency of Mr. DiMaio's factual allegations regarding the claim.

## C. Leave to Amend

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, a *pro se* plaintiff does not enjoy unlimited opportunities to amend his complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming the district court's dismissal of the plaintiff's third amended complaint without leave to amend when it failed to cure the pleading deficiencies). When a *pro se* party fails to cure deficiencies that the court has previously identified, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed the *pro se* plaintiff regarding the deficiencies in a prior order and granted leave to amend); *cf. Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Given Mr. DiMaio's failure to cure the deficiencies in his complaint—in spite of the court's detailed guidance about those deficiencies—the court concludes that any further amendment of the complaint would be futile and thus denies further leave to amend.[8]

//

---

[8] Because Mr. DiMaio asserted the breach of contract claim for the first time in the amended complaint and the court dismisses it only on the basis that adding the claim exceeded the scope of the court's August 2, 2017, order, the court's dismissal of that claim is without prejudice. The court dismisses Mr. DiMaio's constitutional claims with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS the motion to dismiss (Dkt. #32) and DISMISSES Mr. DiMaio's complaint without leave to amend. The court's dismissal is with prejudice as to Mr. DiMaio's constitutional claims but without prejudice as to his breach of contract claim.

Dated this 1st day of December, 2017.

JAMES L. ROBART
United States District Judge